IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>Plaintiff,<br><br>vs.<br><br>ROB JEFFRIES, NDCS's Director, Individual and Official capacity; CHRISTINA DOWNING, Individual and Official capacity; SHAWN SETTLES, Individual and Official capacity; and TAGGART BOYD, Individual and Official capacity;<br><br>Defendants. | **8:25CV566**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff Kevin L. Ballard's amended complaint filed on January 16, 2026. Filing No. 14. Plaintiff is incarcerated within the Tecumseh State Correctional Institution (TSCI) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. DISCUSSION

Plaintiff sues Rob Jeffreys, NDCS's Director; Christina Downing; Shawn Settles, Warden of the TSCI; and Taggart Boyd, Warden of Reception and Treatment Center (RTC); all in their individual and official capacities. Liberally construed, Plaintiff alleges his sentence was miscalculated on June 11, 2017, and on July 2, 2020, and as a result, he has been falsely imprisoned for 48 months. Filing 14 at 6. He alleges each of the defendants were notified of the sentence miscalculations, and each chose to ignore it. He briefly mentions he was placed in segregation for pursuing the issue as an attempt to hinder his access to the courts, but he does not state when or how this happened, and his allegations as to who placed him in segregation are vague

and inconsistent.[1] He alleges segregation has not discouraged or impeded his access to the court. Plaintiff demands release from prison and $300,000 per year for his excessive imprisonment.[2]

Plaintiff's claims seeking release from prison and damages due to excessive confinement and miscalculation of good time are barred and must be dismissed. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002) (holding a claim for damages due to discipline that included the loss of good time credits was *Heck*-barred).[3]

Plaintiff's claim that he was placed in segregation for challenging the calculation of his sentence may be First Amendment retaliation. Since this claim does not impugn the sentence itself or the calculation of Plaintiff's good time credits, it is not barred under *Heck. Edwards v. Balisok*, 520 U.S. 641, 644-48 (1997). *See also, Henson v. Brownlee*, 2 F. App'x 635, 637 (8th Cir. 2001). But Plaintiff's cursory statement that he was placed in segregation for challenging his continued confinement is insufficient to support the elements of a claim for First Amendment retaliation. *See Mitchell v. Kirchmeier*, 28 F.4th 888, 896 (8th Cir. 2022).

### III. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims for release and damages

---

[1] Plaintiff's segregation may be a topic of the litigation in *Ballard v. NDCS et al.*, 8:26-cv-00004-JMG-PRSE (D.Neb.), *Ballard v. Jeffries et al.*, 8:26-cv-00005-JMG-PRSE (D. Neb.), and *Ballard v. Settles et al.,* 8:26-cv-00018-JFB-PRSE (D.Neb.), but without additional details, the court cannot discern whether the discipline/segregation(s) mentioned in those cases is the same segregation mentioned in this case.

[2] Plaintiff raised the same sentence miscalculation issues in *Ballard v. Nebraska Department of Corrections,* 8:25-cv-00518-JMG-PRSE (D. Neb.), which was filed as a case under 42 U.S.C. § 1983 on August 22, 2025. It was dismissed as *Heck*-barred on November 21, 2025. Plaintiff has also raised the excessive confinement allegations in his § 1983 actions pending as 8:26-cv-00004-JMG-PRSE, 8:26-cv-00005-JMG-PRSE, and 8:26-cv-00018-JFB-PRSE.

[3] Plaintiff has a pending habeas petition alleging his sentence and good time were miscalculated. *See Ballard v. Nebraska Department of Corrections,* 8:25-cv-00547-JMG-PRSE (D. Neb.).

allegedly due to miscalculation of good time and excessive confinement are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff's complaint implies but does not sufficiently state a First Amendment retaliation claim. Rather than dismissing the First Amendment claim at this time, the court will grant Plaintiff leave to file an amended complaint for that claim.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until March 4, 2026, to file an amended complaint as to the First Amendment retaliation claim. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) in the event he files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "March 4, 2026: check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 30th Day of January, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

4