IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

Plaintiff,

vs.

ROB JEFFRIES, NDCS's Director, Individual and Official capacity; CHRISTINA DOWNING, Individual and Official capacity; SHAWN SETTLES, Individual and Official capacity; and TAGGART BOYD, Individual and Official capacity;

Defendants.

8:25CV566

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Kevin L. Ballard's amended complaint filed on February 17, 2026. Filing No. 16. Plaintiff is currently incarcerated at the Tecumseh State Correctional Institution (TSCI). The Court now conducts an initial review of Plaintiff's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. DISCUSSION

Plaintiff's prior amended complaint (Filing 14) focused on his alleged excessive confinement due to a sentence miscalculation. This topic is being addressed in his pending habeas case. *See Ballard v. Nebraska Department of Corrections,* 8:25-cv-00547-JMG-PRSE (D. Neb.). The prior amended complaint also briefly mentioned being placed in segregation after challenging the calculation of his sentence, which liberally construed, could support a First

Amendment retaliation claim. Plaintiff was granted leave to file a second amended complaint as to the First Amendment retaliation claim only. Filing 15 at. 4.

Plaintiff's second amended complaint, Filing 16, discusses only the miscalculation of his sentence, with no factual allegations alluding to possible First Amendment retaliation. As the Court previously explained, Plaintiff's claims under 42 U.S.C. § 1983 for release from prison and damages allegedly due to his sentence miscalculation and excessive confinement are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). Filing 15 at 3-4.

Plaintiff has moved for appointment of counsel. Filing 17. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

The Court has carefully reviewed Plaintiff's filings and concludes his case must be dismissed. There is no need to appoint counsel.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for appointment of counsel, Filing 17, is denied.

2. This matter is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 31st day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge